IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY A. HINTON,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 7:23cv00370 |
| v. | )<br>) | **<u>ORDER</u>** |
| WARDEN,<br>    Respondent. | )<br>)<br>) | By:  Joel C. Hoppe<br>      United States Magistrate Judge |

| | | |
|---|---|---|
| GARY A. HINTON,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 7:23cv00376 |
| v. | )<br>) | **<u>ORDER</u>** |
| WARDEN,<br>    Respondent. | )<br>)<br>) | By:  Joel C. Hoppe<br>      United States Magistrate Judge |

**OPINION AND ORDER**

Gary A. Hinton, a Virginia inmate proceeding *pro se*, filed these actions which the court construed as petitions for habeas corpus pursuant to 28 U.S.C. § 2254. In each case, the court issued orders directing Hinton to submit a completed § 2254 form and to either (1) pay the $5.00 filing fee, (2) return a consent order for the withholding of fees from his prisoner trust account, or (3) return a completed application to proceed *in forma pauperis*.

In a subsequent joint order, dated August 4, 2023, the court observed that Hinton had paid the $5.00 filing fee but had not submitted a completed § 2254 form in the '370 case and did the opposite in the '376 case (submitted a completed § 2254 form but did not address the filing fee). The court explained that if Hinton wants to pursue both cases, he must comply with the financial requirements in each and submit a completed form in each. The court also noted that if Hinton wants to pursue only the claims filed on the § 2254 form in the '376 case, he should

notify the court in writing of that preference within thirty days. ECF No. 4, Case No. 7:23-cv-376. The court further explained that if Hinton only wants to pursue the '376 case, then the court would dismiss without prejudice the '370 case and direct the Clerk to apply the $5 filing fee Hinton paid in the '370 case to the '376 case. "If that occurs, then Hinton will have complied with all requirements of the June 26, 2023 order in Case No. 7:23-cv-00376, and the court will determine whether it should be served on respondent or instead should be dismissed." *Id.* at 2.

Hinton did not provide a response to this order within thirty days. However, on September 18, Hinton provided a notice of change of address in the '370 case. ECF No. 4, Case No. 7:23-cv-370. In that notice, Hinton specifically references the '370 case, the $5.00 filing fee (docketed in the '370 case), and his 16-page petition on the correct § 2254 form, (ECF No. 3 in the '376 case), and states that he is grateful to be pursuing his claims in the '370 case. Upon closer examination, Hinton did not write a case number on the completed § 2254 form that was docketed in the '376 case. Also, the allegations in the completed petition filed in the '376 case refer to a conviction in the City of Salem Circuit, as does the original petition on the '370 case,[1] whereas the '376 case involves a sentence imposed in the City of Botetourt Circuit Court. Thus, it now appears to the court that Hinton meant for the filing fee *and* the petition to both be filed in the '370 case.[2] Accordingly, the court will direct the Clerk to file in the '370 case the completed § 2254 form that was filed in the '376 case and to strike it from the '376 case. By separate order in the '370 case, the court will determine whether the petition should be served on respondent or instead should be dismissed.

---

[1] The petition also lists the same charge, sentencing date and length of sentence.

[2] It also appears to the court that Hinton does not intend to pursue the claims set forth in the original petition filed in Case No. 7:23-cv-376.

Accordingly, it is HEREBY ORDERED that the Clerk shall file in Case No. 7:23-cv-370 the completed § 2254 form that was filed in Case No. 7:23-cv-376, ECF No. 3, and strike that filing from Case No. 7:23-cv-376. The Clerk shall send to Mr. Hinton a copy of this order and the docket sheets from both cases after this order is filed.

It is SO ORDERED.

Enter: October 13, 2023

s/ Joel C. Hoppe
Joel C. Hoppe
United States Magistrate Judge